**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| PLATINUM REHABILITATION, LTD. dba ) | CASE NO.: |
| PLATINUM HOME HEALTH SERVICES ) | |
| 730 SOM Center Road, Ste. 240 ) | |
| Mayfield Village, OH 44143 ) | JUDGE |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT FOR MONEY DAMAGES** |
| ) | **AND INJUNCTIVE RELIEF** |
| PLATINUM HOME HEALTHCARE ) | |
| SERVICES, LLC ) | |
| 5333 Northfield Rd., Ste. #3 ) | |
| Bedford, OH 44146 ) | |
| ) | |
| and ) | |
| ) | |
| LEWANNA A. PORTER ) | |
| 5333 Northfield Rd., Ste. #3 ) | |
| Bedford, OH 44146 ) | |
| ) | |
| Defendants. ) | |
| ) | |

Now comes Plaintiff, Platinum Rehabilitation, Ltd., dba Platinum Home Health Services (hereinafter "Plaintiff") by and through its undersigned counsel Dworken & Bernstein Co., LPA, and for its Complaint against Defendants Platinum Home Healthcare Services, LLC and LeWanna A. Porter (hereinafter "Defendants"), states as follows:

**PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Ohio with its principal place of business in Mayfield Village, Ohio.

2. Defendant Platinum Home Healthcare Services, LLC is a limited liability company formed under the laws of the State of Ohio with its principal place of business in Ashtabula, Ohio.

3. Defendant LeWanna A. Porter is an individual who is a principle in Defendant Platinum Home Healthcare Services, LLC.

## JURISDICTION AND VENUE

4. Plaintiffs reallege and reaver each and every allegation contained in Paragraphs One (1) through three (3) of this Complaint as if fully rewritten herein.

5. This is an action for infringement of Plaintiff's Trade Name pursuant to the United States Trademark Act of 1946, 15 U.S.C. §1051 et. seq. (the "Lanham Act") and Ohio's Deceptive Trade Practices Act, O.R.C. Chapter 4165.

6. This Court has original jurisdiction over this matter pursuant to 15 USC §1121, 28 USC §1331 and 28 USC §1338.

7. This matter has supplemental jurisdiction over Plaintiff's State Law Claims pursuant to 28 USC §1367.

8. Venue is proper in the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 USC §1391.

**FACTUAL ALLEGATIONS**

9. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Eight (8) of this Complaint as if fully rewritten herein.

10. Plaintiff is a Medicare and Medicaid certified home health agency offering nursing, physical, occupational, speech and other therapy rehabilitation services.

11. Plaintiff has been in business since 2004.

12. Plaintiff began using the trade name "Platinum Home Health Services" on or about September 22, 2004.

13. Plaintiff registered the trade name "Platinum Home Health Services" with the Ohio Secretary of State on or about December 28, 2004, as is evidenced by the Ohio Secretary of State Certification attached hereto as Exhibit "A" and made a part hereof.

14. Plaintiff renewed the trade name "Platinum Home Health Services" on or about January 14, 2010, as is evidenced by the Ohio Secretary of State Certification attached hereto as Exhibit "B" and made a part hereof.

15. Defendant Platinum Home Health Care Services, LLC was organized by Defendant LeWanna Porter in or about December, 2009, as is evidenced by the Certification from the Ohio Secretary of State attached hereto as Exhibit "C" and made a part hereof.

16. Defendants also utilize the name "Platinum 1 Home Healthcare Services, LLC" although that is not their registered name with the Ohio Secretary of State nor has the name been registered with the Ohio Secretary of State as a trade name.

17. A copy of the cover page of a handbook from Defendants utilizing that name is attached hereto as Exhibit "D" and made a part hereof.

18. Plaintiff believes that Defendants utilize the "Platinum 1 Home Healthcare Services" name to put them ahead of Plaintiffs on alphabetical referral lists.

19. At the time Defendant Porter organized Defendant Platinum Home Health Care Services, LLC in December, 2009, Plaintiff had registered and was actively using the trade name "Platinum Home Health Services".

20. Defendants initially were only operating in the Ashtabula, Ohio geographic area where Plaintiff does not actively seek business.

21. As a result of Defendants originally only operating in Ashtabula, Ohio, Plaintiffs did not immediately learn of the existence of Defendant's business.

22. Defendants have recently opened a second office in Bedford, Ohio, which is in Cuyahoga County, Ohio.

23. Defendants' Bedford, Ohio location is in the same geographic area serviced by Plaintiff.

24. Since Defendants have begun operating in the same geographic area as Plaintiff, Defendants have been creating confusion among Plaintiff's referral sources and/or customers.

25. Plaintiff has received reports from numerous customers and/or referral sources that they have mistakenly contacted Defendants in the belief that Defendant Platinum Home Healthcare Services, LLC was the same company as operated by Plaintiff.

26. Plaintiff is also aware of Defendants and/or its agents contacting facilities which have made referrals to Plaintiff and identified themselves as Platinum, creating confusion as to the identity of who was providing services.

27. Defendants are purposely using the Platinum name to misappropriate business from Plaintiff.

28. On at least one occasion, Medicaid has mistakenly sent payment for services performed by Plaintiff to Defendants.

29. Images of Plaintiff's former business cards and advertising materials are attached hereto as Exhibit "E" and made a part hereof.

30. Images of Defendants' materials are attached hereto as Exhibit "F" and made a part hereof.

31. Plaintiff believes and therefore alleges that Defendants designed their logo and materials to look substantially similar to the logo and materials utilized by Plaintiff at the time Defendant designed their materials.

32. The design of the materials utilized by Defendants and the use of the name "Platinum" served to create confusion in the marketplace.

33. Defendants' use of the name "Platinum Home Healthcare Services" is creating confusion in the marketplace and damaging Plaintiff's business.

34. On or about May 4, 2011, Plaintiff, by and through its legal counsel, Michael J. Shapiro, sent Defendants a certified letter, a copy of which is attached hereto as Exhibit "G" and made a part hereof, respectfully requesting that Defendants cease utilizing the name Platinum Home Healthcare Services, LLC and asking that they contact Defendant on or before May 15, 2011.

35. The certified mail receipt attached hereto as Exhibit "H" and made a part hereof, demonstrates that the certified letter was signed for at Defendant Platinum Home Healthcare Services' Bedford office on or about May 6, 2011.

36. Defendants have failed and/or refused to contact Plaintiff or Plaintiff's counsel to resolve this matter and have not ceased using the name "Platinum Home Healthcare Services, LLC."

37. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and is entitled to injunctive relief.

## COUNT I
## PASSING OFF AND UNFAIR COMPETITION
## (15 U.S.C. §1125)

38. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Thirty-Seven (37) of this Complaint as if fully rewritten herein.

39. Defendants' name, advertising materials, promotional materials, and use of the words "Platinum Home Healthcare Services" in connection with their business have caused and are likely to continue to cause confusion, mistakes and deception in the marketplace as to the affiliation, connection and/or association of Defendants and their services with Plaintiff and its services.

40. Defendants' actions constitute passing off and unfair competition.

41. Defendants' actions are intentional, willful and undertaken with knowledge of Plaintiff's superior rights.

42. Platinum Home Health Services is a trade name as that term is defined in 15 USC §1127.

43. Defendants' action violate 15 USC §1125.

6

44. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount presently unknown but to be proven at trial and has suffered and will continue to suffer additional, irreparable harm absent injunctive relief.

45. As a direct and proximate result of Defendants' violation of the Lanham Act, Plaintiffs are entitled to damages in an amount in excess of $25,000.00.

46. Plaintiff is entitled to injunctive relief preventing Defendants from utilizing a name substantially similar to Plaintiff's trade name in accordance with 15 USC §1116(a).

## COUNT II
## PASSING OFF AND UNFAIR COMPETITION
## (O.R.C. CHAPTER 4165.02)

47. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Forty-Six (46) of this Complaint as if fully rewritten herein.

48. Defendants' name, advertising materials, promotional materials, and use of the words Platinum Home Healthcare Services in connection with their business have caused and are likely to continue to cause confusion, mistakes and deception in the marketplace as to the affiliation, connection and/or association of Defendants and their services with Plaintiff and its services.

49. Defendants' actions constitute passing off and unfair competition.

50. Defendants' actions are intentional, willful and undertaken with the knowledge of Plaintiff's superior rights.

51. Platinum Home Health Services is a trade name as that term is defined in Ohio Revised Code §4165.01(G).

52. Defendants' action violate Ohio Revised Code §4165.02(A).

7

53. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount presently unknown but to be proven at trial and has suffered and will continue to suffer additional, irreparable harm absent injunctive relief.

54. As a direct and proximate result of Defendants' violation of Ohio Revised Code Chapter 4165, Plaintiffs are entitled to damages in an amount in excess of $25,000.00.

55. Plaintiff is entitled to injunctive relief preventing Defendants from utilizing a name substantially similar to Plaintiff's trade name in accordance with Ohio Revised Code Chapter 4165.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment as follows:

> A. Enter judgment in favor of Plaintiff and against Defendants in an amount sufficient to compensate Plaintiff for its damages, plus costs, interest and reasonable attorneys' fees.
>
> B. Enter a judgment declaring Defendants' practices as being unfair competition and declaring that Defendants can no longer use the name Platinum Home Healthcare Services and/or any similar name;
>
> C. Grant injunctive relief against Defendants' use of the name Platinum Home Healthcare Services;
>
> D. Any and all such further relief as this Court deems appropriate;

Respectfully submitted,

/s/ Richard N. Selby, II
Richard N. Selby, II, Esq. (#0059996)
rselby@dworkenlaw.com
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio  44077
(440) 352-3391

*Attorneys for Platinum Rehabilitation dba Platinum Home Health Services*

## JURY DEMAND

Now comes Plaintiff, by and through its counsel, and demands that this case be tried before a jury of the maximum number allowed by law.

/s/ Richard N.Selby, II
Richard N. Selby II, (#0059996)

*Attorneys for Platinum Rehabilitation dba Platinum Home Health Services*