# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **PLATINUM REHABILITATION, LTD.** ) <br> **dba PLATINUM HOME HEALTH** ) <br> **SERVICES,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **PLATINUM HOME HEALTH CARE** ) <br> **SERVICES, LLC. (aka PALLADIUM** ) <br> **HEALTHCARE LLC)** *et al.,* ) <br> ) <br> **Defendants.** ) | **CASE NO. 1:11CV1021** <br><br><br><br><br><br> **JUDGE DONALD C. NUGENT** <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

Defendants Platinum Home Healthcare Services, LLC (aka Palladium Healthcare LLC) and Lewanna Porter[1] (collectively, "Palladium") bring the instant Motion for Relief from Judgment Entry Granting Default Judgment and Expedited Order Staying Execution (ECF #30) under Federal Rule of Civil Procedure 60(b)(6).  Palladium asserts that Defendants' prior attorney, Mr. Joel I. Newman, abandoned representation of Defendants during the course of this litigation and was grossly negligent, resulting in the default judgment against Palladium. Palladium further asserts that attorney Newman's actions constitute exceptional circumstances that warrant Rule 60(b)(6) relief from default judgment.  For the reasons stated, the Motion is DENIED.

---

[1] Ms. Porter is the CEO of  Defendant Platinum Home Healthcare Services, LLC.

## A. **FACTS**

This is an action under 15 U.S.C. § 1125 and Ohio Revised Code § 4165.02 for passing off and unfair competition. Plaintiff Platinum Rehabilitation, Ltd. dba Platinum Home Health Services ("Platinum") filed its Compliant on May 19, 2011 along with a motion for temporary restraining order and preliminary injunction (the "Preliminary Injunction Motion"). The Court held a status conference on the Preliminary Injunction Motion on May 24, 2011. All parties participated though counsel. The Court denied a temporary restraining order, but indicated that a hearing might be necessary on the Preliminary Injunction Motion. The Court referred this matter to Magistrate Judge Vecchiarelli for a hearing on the Preliminary Injunction Motion. The parties reported that they were working together to resolve the issues so that a preliminary injunction might not be necessary.

Magistrate Judge Vecchiarelli scheduled a June 27, 2011 hearing on the Preliminary Injunction Motion. The Magistrate Judge also ordered the parties to provide certain information by June 22, 2011, including proposed findings of fact and conclusions of law, and witness and exhibit lists. Defendants and their prior attorney, Mr. Newman, did not comply with the Magistrate Judge's order. Indeed, Palladium's counsel did not provide any of the required information by June 22, 2011, prompting Plaintiff to move to exclude Defendants' evidence at the hearing on the Preliminary Injunction Motion.

The Preliminary Injunction Motion came before the Court for a hearing before Magistrate Judge Vecchiarelli on June 27, 2011. Defendant Porter personally attended the hearing, where she was represented by attorney Newman. At the hearing, the parties produced a proposed stipulated order (the "Stipulated Preliminary Injunction Order") resolving the issues raised in the

2

Preliminary Injunction Motion. The Stipulated Preliminary Injunction Order was entered that same date.

Among other things, the Stipulated Preliminary Injunction Order set forth an agreed-to Answer deadline of July 12, 2011. None of Defendants filed an Answer by that date. In view of Defendants' failure to answer, Plaintiff filed a motion for default judgment on July 18, 2011. On July 20, 2011, Plaintiff filed a motion to hold Defendants in contempt.

On July 21, 2011, this Court held a case management conference. Although notification of the conference was sent, no representative of Defendants appeared. The Court scheduled a default hearing for August 10, 2011.

No representative of Defendants attended the August 10, 2011 default hearing. On that same date, attorney Edward Kramer filed a motion for enlargement of time for Defendants to respond to Plaintiff's Motion for Default and Motion for Sanctions. Mr. Kramer's Motion claimed that he learned of the default hearing from attorney Newman on the day the hearing occurred. Mr. Kramer's Motion further claimed that Mr. Newman had not been able to keep track of dates in this matter because a flood in Mr. Newman's office building led to restricted access to his files, and because Mr. Newman's Electronic Case Filing system login codes did not work.[2] Thus, Mr. Newman allegedly requested Mr. Kramer to take over the case. Mr. Kramer's Motion also represented that Defendants did not receive notice of the default hearing. Mr.

---

[2] It appears that the address and other contact information on record for Mr. Newman in ECF is incorrect. Mr. Newman apparently has not updated his information despite Magistrate Judge Vecchiarelli having ordered him to do so in June of 2011. Mr. Newman never informed this Court that he was unable to receive notices of electronic filings.

3

Kramer never entered an appearance in this case.[3]

On August 11, 2011, this Court granted Plaintiff's motion for default. The Court awarded $405,000 in damages and $13,448.75 in attorneys' fees and costs.

Palladium did not immediately move this Court to vacate the default judgment, but, rather, only did so when Plaintiff successfully garnished Defendants' funds. This Court entered the Default Judgment on August 11, 2011. Plaintiff immediately transferred this judgment to the Lake County Court of Common Pleas for purposes of executing upon the judgment. Defendant Porter herself was served with garnishment pleadings on September 7, 2011. Accordingly, regardless of what her prior counsel may have told her (or neglected to tell her) regarding the case, Ms. Porter personally knew of the default judgment no later than September 7, 2011. Plaintiff initially garnished a number of banks, all of which were returned indicating that there were either no funds, no account, or that the account had been closed. Defendants made no effort to vacate this judgment while Plaintiff was unsuccessful in its attempts to garnish these bank accounts.

Plaintiff filed a second garnishment on the Western Reserve Area Agency on Aging through whom Defendants receive a significant portion of their income. Defendants requested a hearing regarding the garnishments, which was set for September 21, 2011. Defendants, however, failed to appear at the garnishment hearing. On October 3, 2011, the Western Reserve Area Agency on Aging paid $26,163.80 into the Court in response to the earlier garnishment. On that same day,

---

[3] In her affidavit attached to the Motion for Relief from Judgment, Ms. Porter claims that she did not ever speak to, let alone retain, Mr. Kramer to represent her in this matter. Because Mr. Kramer did not make an appearance in the case as Ms. Porter's counsel (interestingly, Mr. Newman and not Mr. Kramer signed Mr. Kramer's motion), the Court could not consider Mr. Kramer's request for an enlargement of time.

Defendants, through new counsel, filed their Motion for Relief from Judgment with this Court. Accordingly, although Defendants were aware of the default judgment and Plaintiff's efforts to collect no later than September 7, 2011, it was not until nearly one month later on October 3, 2011 – when Plaintiff actually garnished Defendants' funds – that Defendants took any action with respect to the judgment.

On October 3, 2011, Defendants filed the instant Motion for Relief from Judgment. Plaintiff filed an opposition to the Motion, and Defendants replied. The Court held a hearing on the motion on September 4, 2012. Thus, the Motion is ripe for review.

## B. DISCUSSION

Palladium's new counsel confirmed at the September 4, 2011 hearing on the Motion for Relief from Judgment that Defendants do not contest the portion of the judgment finding them liable for passing off and unfair competition. Rather, Defendants ask for a new hearing on the damages portion of the judgment, claiming that the damages awarded by the Court are excessive and do not take into consideration that Plaintiff and Defendants allegedly operated in different marketplaces.

In support of their request for a new hearing on damages, Defendants assert that attorney Newman's apparent gross negligence and abandonment constitute grounds for relief from default judgment under Rule 60(b)(6).[4] Rule 60(b)(6) is a catchall provision, providing grounds for relief from judgment when no other provision of Rule 60(b) applies.[5] Rule 60(b) states in its

---

[4] Ms. Porter filed a legal malpractice action against Mr. Newman in the Cuyahoga County Court of Common Pleas, Case No. CV-12-779503.

[5] Defendants apparently concede that Rule 60(b)(1) addressing mistake, inadvertence, or

entirety:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The decision to grant or deny relief under Rule 60(b) is within the Court's discretion. *See Smith v. Secretary of Health and Human Servs.*, 776 F.2d 1330, 1332 (6th Cir. 1985) (citation omitted). The Court's discretion under Rule 60(b) is "especially broad" given the underlying equitable principles involved. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Nonetheless, the Sixth Circuit adheres to the view that a district court should apply Rule 60(b)(6) "only in exceptional or extraordinary circumstances." The burden to establish that exceptional or extraordinary circumstances warrant the application of

---

excusable neglect does not apply here.

Rule 60(b)(6) falls upon the party requesting relief. *Jinks v. AllliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

In general, parties are bound by the actions of their attorneys and the consequences of those actions. However, district courts in the Sixth Circuit have held that Rule 60(b)(6) may provide relief from judgment in instances of counsel's gross neglect and abandonment. *See Reno v. International Harvester Co.*, 115 F.R.D. 6, 8-10 (S.D. Ohio 1986); *Nair v. Columbus State Community College*, 2006 WL 13233 (S.D. Ohio Jan. 3, 2006). To obtain the relief requested under Rule 60(b)(6), Defendants must establish that prior counsel engaged in gross negligence, that Defendants were free from fault, and that Defendants' Rule 60(b)(6) motion was made within a reasonable time. *Nair*, 2006 WL 13233 at *2 (citing *Reno*, 115 F.R.D. at 6, 8-10.)

Even if it is assumed that attorney Newman was grossly negligent and abandoned his representation of Palladium, Defendants have failed to meet their burden to show the extraordinary circumstances required for Rule 60(b)(6) relief. First, although attorney Newman's disregard of deadlines and court orders has never been satisfactorily explained, Defendant Porter has not presented any evidence to show that she was not also at fault for failing to answer the complaint.[6] Indeed, the record reflects that Ms. Porter appeared in court and participated in the negotiations of the Stipulated Preliminary Injunction Order, and therefore was aware of the deadlines and requirements contained therein, including the

---

[6] As discussed previously, Mr. Kramer's motion attributes Mr. Newman's conduct to a flood in Mr. Newman's office building and faulty ECF codes. However, at the September 4, 2012 hearing on the Motion for Relief from Judgment, Defendants' new counsel stated that Mr. Newman's conduct can be attributed to depression.

7

obligation to file an Answer by July 12, 2011. While Ms. Porter's affidavit attached to the Motion for Relief from Judgment summarily states that Ms. Porter "was unaware that prior counsel attorney Joel I. Newman failed to answer the complaint or respond to discovery or the other pleadings in this case until [Plaintiff] commenced this enforcement action," the affidavit is more significant for what it does not say. The affidavit does not say that Ms. Porter provided all of the information necessary for her attorney to file an answer or respond to discovery. Although Ms. Porter's new attorney argued at the hearing on the Motion for Relief from Judgment that Ms. Porter did indeed provide Mr. Newman with the necessary information, there is no evidence on record to establish this. Because Ms. Porter did not avail herself of the opportunity to appear and give testimony at the hearing, the record remains devoid of any evidence related to her efforts to comply with the terms of the Stipulated Preliminary Injunction Order.

Further, Ms. Porter's affidavit does not state what, if any, efforts Ms. Porter undertook to ensure that her attorney filed an answer and complied with discovery and other deadlines set forth in the Stipulated Preliminary Injunction Order. Given that Ms. Porter was present in court when the Stipulated Preliminary Injunction Order was negotiated and agreed to its terms on the record with Magistrate Judge Vecchiarelli, Ms. Porter cannot excuse herself of all responsibility to ensure compliance with those terms. In this case, where Defendant Porter appeared and participated in hearings and was directly aware of the deadlines to respond, this Court cannot find the exceptional circumstances necessary for Rule 60(b)(6) relief, particularly absent any evidence regarding whether Defendants even made inquiries to determine what actions Mr. Newman was taking with respect to the case.

Moreover, in determining whether exceptional circumstances might warrant Rule 60(b)(6) relief, the Court considers whether Defendants filed their Motion for Relief from Judgment within a reasonable time. Defendants apparently do not dispute that Defendant Porter learned of the default judgment on or before September 7, 2011. Despite this knowledge, Defendants did nothing to challenge the award of damages pursuant to the default judgment until October 3, 2011, when Plaintiff finally was successful in garnishing one of Defendants' accounts. Palladium has not offered any explanation for the delay. Although a month-long delay may not be unreasonable under certain circumstances, without any evidence to explain Defendants' delay in challenging the default judgment, the Court has no basis to determine that Palladium has met its burden to show that the Motion for Relief was timely filed.

Separately, exceptional circumstances are lacking because there is no evidence that the damages awarded pursuant to the judgment are excessive. Palladium originally brought the Motion for Relief from Judgment seeking Rule 60(b)(6) relief from the judgment in its entirety, so that both liability and damages could be decided on the merits. Then, at the hearing on the Motion for Relief, Defendants conceded liability for passing off and unfair competition, and requested Rule 60(b)(6) relief with respect to the damages portion of the judgment only. Defendants claimed that Palladium and Plaintiff conducted business in different markets, such that the Court's damages award may be excessive. Despite this claim, however, Defendants have not placed a shred of evidence in the record to establish that the damages awarded indeed are excessive, or what range of damages might be appropriate. The Court held the hearing on the Motion for Relief from Judgment to allow the parties to expand the evidentiary record, but Defendants failed to call any witnesses or present any new evidence, including any evidence

concerning damages.[7] Thus, the only evidence concerning damages that is before the Court is the evidence submitted by Plaintiff prior to the default judgment. Plaintiff's evidence supports the damages award. Without any evidence that the damages award is excessive, the Court has no basis to determine that exceptional circumstances justify a new hearing to revise the judgment.

To grant Rule 60(b)(6) relief in the absence of exceptional circumstances would be tantamount to punishing Plaintiff for the alleged sins of Defendants' prior attorney. Plaintiff has spent considerable time, effort, and money litigating this case to a conclusion. Because the record lacks any evidence that: (1) Defendants are blameless for the failure to file an answer and comply with the requirements of the Stipulated Preliminary Injunction Order; (2) Defendants' delay of nearly a month before challenging the default judgment was justified; and (3) damages awarded pursuant to the default judgment are excessive, there are no exceptional circumstances warranting Rule 60(b)(6) relief. Indeed, this is a case where Palladium was aware of and helped negotiate the stipulated deadlines and obligations at issue, knew that prior counsel had already missed certain deadlines (thus necessitating a stipulated answer date), was aware that judgment had been entered against Defendants, and also was aware of garnishment attempts pursuant to the default judgment. Despite all of this knowledge, there is no evidence that Palladium took appropriate steps to ensure that deadlines and obligations were met. Accordingly, this is not a case where exceptional circumstances can be the basis for Rule 60(b)(6) relief.

## C. CONCLUSION

For all of the foregoing reasons, the Motion for Relief from Judgment (ECF #30) is

---

[7]Ms. Porter did not appear at the hearing on the Motion for Relief From Judgment.

DENIED.

IT IS SO ORDERED.

                                                                         s/Donald C. Nugent
                                                                         DONALD C. NUGENT
                                                                         UNITED STATES DISTRICT JUDGE

DATE: 9/25/2012